U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

AUG 2 3 2007

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:04 CR 20155 |
| VS. | : | JUDGE MINALDI |
| JOSE A. NEGRON-CABRERA | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Presently before the court is a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255 filed by the defendant, Jose A. Negron-Cabrera ("Negron"). The Government filed an answer. The defendant did not file a reply.

Procedural History

On November 12, 2004, a criminal complaint was filed as well as a warrant for arrest for the defendant's alleged violation of 18 U.S.C. §§ 2241 and 113(a)(3). The return on the arrest warrant indicates that the defendant was actually arrested on November 10, 2004. (Rec. Docs. 1, 3). On November 16, 2004, the defendant appeared for an initial appearance on the complaint, a preliminary examination, and detention hearing were held. The court found there was probable cause to believe an offense had been committed and the defendant was ordered detained. (Rec. Docs. 4, 9).

On December 17, 2004, a bill of information was filed charging the defendant with assault with a dangerous weapon, in violation of 18 U.S.C. §113(A)(3). On December 20, 2004, pursuant to a written plea agreement,[1] Negron pleaded guilty to the Bill of Information. (Rec. Docs. 11-13).

---

[1] The facts were thoroughly summarized by the United States in its answer and will not be repeated herein.

On March 21, 2005, he was sentenced to 114 months imprisonment. (Rec. Docs. 5, 17). The Presentence Investigation Report indicates that the offense level was 23 and the criminal history category was 1, giving a guideline range of 36 to 57 months. (PSI, ¶ 46).

On April 10, 2006, the United States Court of Appeals for the Fifth Circuit affirmed the defendant's sentence. The defendant had argued that the sentence, which was an upward departure, was unreasonable. The court found that it was reasonable. (Rec. Doc. 26). On June 20, 2007, the defendant filed the instant motion claiming ineffective assistance of counsel.

## Law

The defendant argues that his trial attorney was ineffective in failing to file a motion to dismiss the bill of information and for failing to seek specific performance of the plea agreement. He argues that his appellate counsel was ineffective for not raising the untimeliness of the bill of information on appeal.

A criminal defendant has a right to counsel under the Sixth Amendment, and the right to counsel entails the right to effective assistance of counsel.[2] To prove ineffective assistance of counsel under *Strickland*, a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense."[3] A finding of deficient performance requires a showing that " 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment,' "[4] that is, petitioner must show that

---

[2]  *Strickland v. Washington,* 466 U.S. 668, 684-86, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

[3]  *Id.* at 687, 104 S.Ct. 2052.

[4]  *Leal v. Dretke,* 428 F.3d at 548 (quoting *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052),

2

counsel's performance fell below an objective standard of reasonableness, as measured by prevailing professional norms.[5] Deficient performance is prejudicial "only if, but for counsel's errors, there is a reasonable probability that the final result would have been different and confidence in the reliability of the verdict has been undermined."[6] Failure to prove either deficient performance or prejudice will defeat an ineffective assistance of counsel claim.[7]

Although it was a state court *habeas, Young v. Dretke,*[8] involves a similar issue. Young was convicted of murder and was serving a sixty-year sentence in the Texas prison system when he appealed the district court's denial of his petition for a writ of habeas corpus in which he alleged ineffective assistance of counsel. He based his claim on his attorney's failure to move for the dismissal of the prosecution under applicable Texas statutes, which required dismissal of the prosecution with prejudice if the indictment was untimely. The indictment was, in Young's case as in the case at bar[9], conceded to have been untimely. The state habeas court concluded that Young's counsel had rendered deficient performance by failing to move for dismissal of the prosecution. It further concluded that there was a reasonable probability that, but for that deficiency, Young never would have been tried and, hence never convicted, of the crime for which he was then imprisoned.

---

[5] *Strickland,* 466 U.S. at 688, 104 S.Ct. 2052.

[6] *Leal,* 428 F.3d at 548 (citing *Little v. Johnson,* 162 F.3d 855, 860-61 (5th Cir.1998)).

[7] *Id; Diaz v. Quarterman,* 2007 WL 1112044, *7 (C.A.5 (Tex. (C.A.5 (Tex.), 2007).

[8] 356 F.3d 616, 618 -619 (C.A.5 (Tex.), 2004).

[9] Negron was arrested November 10, 2004. The bill of information was filed December 17, 2004, over the thirty day time period allowed by the Speedy Trial Act 18 U.S.C. §3162(a)(1).

3

This conclusion was based on the court's interpretation of state law and its application to the facts of the case. Yet, the state habeas court ultimately denied relief, concluding that, despite the deficient performance of counsel that affected the outcome, Young was not prejudiced.

In the appeal to the Fifth Circuit, the determinant question was whether the state habeas court's conclusion that Young was not prejudiced by his counsel's deficient performance was contrary to, or an unreasonable application of, federal law. The court considered two cases in its application of *Strickland*: *Lockhart v. Fretwell*, 506 U.S. 364, 372-373, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) and *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). In *Fretwell*, the Supreme Court stated that a *Strickland* prejudice "analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective" and "may grant the defendant a windfall to which the law does not entitle him."[10] Such "[u]nreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id.* at 372, 120 S.Ct. 1495. *Fretwell*, however, was further delineated by the Court in *Williams*: *Fretwell* does "not justify a departure from a straightforward application of *Strickland* when the ineffectiveness of counsel *does* deprive the defendant of a substantive or procedural right to which the law entitles him."[11] Accordingly, the question in this case is whether the undisputed deficient performance of Negron's counsel deprived Negron of a substantive or procedural right to which he

---

[10] 529 U.S. at 369-70, 120 S.Ct. 1495.

[11] 529 U.S. at 393, 120 S.Ct. 1495 (emphasis in original).

was entitled.[12]

Although the Government concedes that the bill was not timely filed in Negron's case, the government further argues that the attorney's decision not to file a motion to dismiss was strategic and not unreasonable because the defendant pleaded guilty shortly after the bill was filed. Plea negotiations were ongoing and the government argues that the filing of such a motion may have jeopardized the plea offer.

In *Gilbert v. Anderson*,[13] the defendant argued that his attorney was ineffective for failing to file a motion to dismiss the indictment on the basis of a violation of the Speedy Trial Act. However, Gilbert's counsel testified that he thought the proposed plea agreement was a good deal. He further indicated that, in his judgment, a speedy trial defense was unlikely to succeed[14] and would only jeopardize the proposed plea agreement. Counsel's advice that Gilbert accept the proposed plea agreement was a strategic choice that was within counsel's professional judgment. "Strategic choices made after thorough investigation of facts and law are virtually unchallengeable."[15] Under these facts, the court held that Gilbert had not shown either deficiency nor prejudice as required by *Strickland*.

The government argues that, likewise, the filing of a motion to dismiss would not have

---

[12] *Fretwell*, 506 U.S. at 372, 113 S.Ct. 838; *Williams*, 529 U.S. at 393, 120 S.Ct. 1495; *Young, supra.*

[13] 1997 WL 304171, *1 (C.A.5 (Miss. (C.A.5 (Miss.),1997)

[14] Under the facts before the court, the motion may have succeeded, but the bill would have been dismissed without prejudice.

[15] *Black v. Collins*, 962 F.2d 394, 401 (5th Cir.1992).

helped Negron. Correspondence[16] between the United States Attorney and Negron's counsel shows that, during the time period that the bill should have been filed, the parties were negotiating a plea agreement. The defendant benefitted from this agreement because the government agreed not to prosecute him for aggravated sexual assault, a charge which could have exposed him to imprisonment for life.

In *Fretwell,* the Supreme Court held that even though the outcome might have been favorable to petitioner if counsel had properly objected, counsel's failure to object did not prejudice Fretwell, reasoning: "Our decisions have emphasized that the Sixth Amendment right to counsel exists in order to protect the fundamental right to a fair trial;"[17] "[a]bsent some effect of the challenged conduct on the reliability of the trial process, the Sixth Amendment guarantee is generally not implicated;"[18] "an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective. To set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him;"[19] "[u]nreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him."[20] Had Negron's trial counsel objected

---

[16] Gov. Exhs. A & B.

[17] *Fretwell,* 506 U.S. at 368, 113 S.Ct. 838

[18] *id.* at 369, 113 S.Ct. 838 (quoting *United States v. Cronic,* 466 U.S. 648, 658, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984))

[19] *id.* at 370, 113 S.Ct. 838

[20] *id.* at 372, 113 S.Ct. 838.

to the timeliness of the bill, the outcome may have been favorable. Under the specific facts of this case, however, counsel's failure to file a motion to dismiss did not prejudice Negron.

*In Williams,* [21] the Supreme Court held that " [w]hile the *Strickland* test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims, there are situations in which the overriding focus on fundamental fairness may affect the analysis. Thus, on the one hand, as *Strickland* itself explained, there are a few situations in which prejudice may be presumed. And, on the other hand, there are also situations in which it would be unjust to characterize the likelihood of a different outcome as legitimate 'prejudice.'" *Williams* held that where deficient performance denies the petitioner a substantive or procedural right to which he is lawfully entitled, prejudice is to be determined, routinely, under the second prong of *Strickland.*[22]

In the case at bar, had the bill been dismissed, it would have been dismissed without prejudice. The defendant benefitted from the ongoing plea negotiations. The defendant did not go to trial, but shortly after the bill was filed, he entered a guilty plea. As a result of the plea negotiations, the defendant faced far less serious charges than he would have faced otherwise. Accordingly, the defendant was not prejudiced and the attorney was not ineffective for failing to file a motion to dismiss the indictment.

Negron contends that his attorney was also ineffective for failing to seek specific

---

[21] *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

[22] *See id.* at 393, 120 S.Ct. 1495 ("departure from a straightforward application of *Strickland* [is not justified] when the ineffectiveness of counsel *does* deprive the defendant of a substantive or procedural right to which the law entitles him"); *Young v. Dretke,* 356 F.3d 616, 627 (C.A.5 (Tex.), 2004).

performance of the plea agreement. Negron claims that he pleaded guilty to assault with a dangerous weapon, yet was sentenced pursuant to the penalties for aggravated sexual assault. The PSI indicates that the sentence was calculated using the guidelines for assault with a dangerous weapon. The court departed upward, but the sentence was not based upon the guideline provisions for aggravated sexual assault. The plea agreement was not violated. Accordingly, counsel was not ineffective for failing to pursue a meritless claim.

Negron contends that appellate counsel was ineffective because he did not raise the issue of the timeliness of the bill. By pleading guilty, Negron waived all non-jurisdictional issues, including violations of the Speedy Trial Act.[23] Negron's appellate counsel was barred from raising frivolous issues, therefore it was not ineffective assistance not to raise the issue on appeal. Accordingly, the defendant's motion pursuant to §2255 will be denied.

Lake Charles, Louisiana, this 22 day of August, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[23] See, e.g., *United States v. Jennings,* 891 F.2d 93, 95 (5th Cir.1989); *Barnes v. Lynaugh,* 817 F.2d 336, 338 (5th Cir.1987), including alleged violations of his right to a speedy trial. *United States v. Bell,* 966 F.2d 914, 915 (5th Cir.1992; *Nelson v. Hargett,* 989 F.2d 847, 850 (C.A.5 (Miss.),1993).